# UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF PENNSYLVANIA

DIANA OAKLEY,                  :
o/b/o Q.O.                     :
                            :
          Plaintiff        :     No. 3:13-CV-1376
                            :
        vs.               :     (Judge Nealon)
                            :
CAROLYN W. COLVIN, Acting   :     (Magistrate Judge Carlson)
Comissioner of Social Security,   :
                            :
        Defendant      :

FILED
SCRANTON

SEP 1 2 2014

PER _____ DEPUTY CLERK

## MEMORANDUM

## BACKGROUND

On May 20, 2013, Plaintiff, Diana Oakley, on behalf of her minor son, Q.O.

("Claimant"), filed this instant appeal[1] under 42 U.S.C. § 405(g) for review of the

decision of the Commissioner of Social Security denying her son's application for

supplemental security income ("SSI") payments under Title XVI of the Social

Security Act, 42 U.S.C. §§ 1381-1383f.  (Doc. 1).

On July 19, 2013, Defendant filed an Answer and Transcript from the Social

Security Administration ("SSA") proceedings.  (Docs. 6, 7 and 8).  Plaintiff filed a

---

1. Under the Local Rules of Court "[a] civil action brought to review a decision of
the Social Security Administration denying a claim for social security disability
benefits" is "adjudicated as an appeal."  M.D. Pa. Local Rule 83.40.1.

brief in support of her Complaint on November 25, 2013. (Doc. 13). Defendant filed a brief in opposition on December 17, 2013. (Doc. 14). Plaintiff did not file a reply brief. The case was referred to Magistrate Judge Martin C. Carlson on October 29, 2013. On August 20, 2014, Magistrate Judge Carlson issued a Report and Recommendation ("R&R"), recommending that Plaintiff's appeal from the Commissioner's decision be denied. (Doc. 20). No objections to the R&R were filed. The matter is ripe for disposition, and, for the reasons set forth below, the R&R will be adopted, Plaintiff's appeal will be denied, and the decision of the Commissioner denying Plaintiff's application for SSI will be affirmed.

## STANDARD OF REVIEW

When neither party objects to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report, under de novo or any other standard. 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 152 (1985). Nevertheless, the Third Circuit Court of Appeals has held that it is better practice to afford some level of review to dispositive legal issues raised by the report. Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987), writ denied 484 U.S. 837 (1987). In the absence of objections, review may properly be limited to ascertaining whether there is clear error that not only affects the rights of the plaintiff, but also seriously affects the integrity, fairness, or public

reputation of judicial proceedings.  Cruz v. Chater, 990 F. Supp. 375, 377 (M.D.

Pa. 1998) (Vanaskie, J.); Garcia v. I.N.S., 733 F. Supp. 1554, 1555 (M.D. Pa.

1990) (Kosik, J.) (stating "the district court need only review the record for plain

error or manifest injustice").  The district court may accept, reject, or modify, in

whole or in part, the findings and recommendations contained in the report.  28

U.S.C. § 636(b)(1)(C); M.D. Pa. Local Rule 72.3.

## **DISCUSSION**

Upon review of the present appeal, it is determined that the Magistrate

Judge did not err in concluding that the decision of the administrative law judge

("ALJ"), that Claimant was not disabled, is supported by substantial evidence.

Magistrate Judge Carlson accurately set forth the procedural history, standard of

review, and sequential evaluation process for a childhood disability claim in the

R&R, and the same is adopted herein.  (Doc. 20, pp. 1-20).  Also, the Magistrate

Judge adequately analyzed the findings of the ALJ and the evidence of record,

which will also be adopted.  A review of the entire record reveals no clear error in

Magistrate Judge Carlson's Report and Recommendation, as will be discussed

below in greater detail.

On appeal, Plaintiff argues that substantial evidence does not support the

ALJ's finding that Claimant was not disabled because: (1) the ALJ improperly

discounted a January 2012 teacher questionnaire; (2) the ALJ improperly considered 2012 IQ scores; (3) the ALJ erred in rejecting the credible testimony of Claimant's mother; and (4) the ALJ erred in failing to find that Claimant has a marked limitation in the domain of acquiring and using information, which resulted in Claimant's impairments not being functionally equivalent to the Listings. (Doc. 13, pp. 3-15).

The Magistrate Judge determined that the ALJ properly discounted the January 2012 teacher questionnaire in favor of a teacher questionnaire from November of 2010 because the January 2012 questionnaire "reveals that [the teachers] were unable to assess [Claimant's] proficiency in several activities." (Id. at 21). However, the teachers involved in the November 2010 questionnaire were able to "assess [Claimant's] proficiency in all of the activities." (Id.). Therefore, Magistrate Judge Carlson concluded that substantial evidence supports the ALJ's decision to discount the January 2012 questionnaire based on the "teachers' inability to provide a complete assessment of [Claimant's] proficiency in number activities. . . ." (Doc. 20, p. 21).

Next, Magistrate Judge Carlson determined that the ALJ properly considered Claimant's IQ scores because the ALJ did not consider the IQ scores in isolation, but in combination with Claimant's PSSA records and personal

4

achievements outside of school, and because the ALJ's treatment of the IQ scores was in accordance with the applicable Social Security regulations regarding IQ scores. (Doc. 20, pp. 22-23). The Magistrate Judge then determined that the ALJ evaluated all of the relevant evidence because "though the ALJ did not cite to [specific evidence], she did thoroughly discuss and consider each of these complaints in her opinion," and, therefore, this "[was] not a case in which specific material concerns were left wholly unaddressed by the ALJ." (Id. at 24).

Magistrate Judge Carlson further concluded that substantial evidence supports the ALJ's determination that Plaintiff's testimony was not completely credible because the ALJ correctly discussed several instances in which Plaintiff's testimony "was inconsistent with the record, and internally consistent with her own prior statements." (Id. at 25).

Finally, the Magistrate Judge determined that the ALJ's decision that Claimant's limitation in the domain of acquiring and using information was "less than marked" is supported by substantial evidence because: (1) As noted by the ALJ, Claimant was proficient in mathematics, did not require intervention at school after sixth grade, had no problems following simple instructions, and was a hard worker; and (2) "the ALJ's assessment that [Claimant] d[id] not have a marked limitation in the domain of acquiring and using information is consistent

5

with the opinions of Drs. Taren and Gold." (Doc. 20, pp. 27-28), <u>citing</u> (Tr. 229, 289, 291, 740).

Therefore, Magistrate Judge Carlson recommended that Plaintiff's appeal, on behalf of Claimant, be denied, and that the Commissioner's decision be affirmed. (Doc. 20, p. 28).

## CONCLUSION

In the absence of objections, and having reviewed the Report and Recommendation for clear error and finding none, Magistrate Judge Carlson's Report and Recommendation will be adopted, and Plaintiff's appeal will be denied. It is concluded that the Commissioner's decision is supported by substantial evidence, and will be affirmed.

A separate Order will be issued.


**Date**: September 12, 2014

United States District Judge